IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNYSLVANIA

| | | |
|---|---|---|
| HUBERT JACKSON, AJ-2373, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | 13-cv-1454 |
| | ) | |
| SUPERINTENDENT ROZUM., et al., | ) | |
|     Respondents. | ) | |

MEMORANDUM and ORDER

    Hubert Jackson has presented another in a series of habeas corpus petitions. For the reasons set forth below, the petitioner will be transferred to the United States Court of Appeals for the Third Circuit for consideration as a successive petition.

    Hubert Jackson, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus. While he has neither provided a completed in forma pauperis application nor submitted the appropriate filing fee, the supports he has provided suggest that the filing fee was indeed mailed to this Court but apparently has been misplaced in the mail. Because of the disposition made here, it is not necessary to resolve this matter at the present time.

    In his petition, Jackson once again seeks to challenge his eight to twenty year sentence imposed following his conviction of rape and unlawful restraint at No. CC 198808196 in the Court of Common Pleas of Allegheny County, Pennsylvania. The instant petition was executed on October 2, 2013. However, this is not the first federal challenge which Jackson has addressed to the above sentence. In Civil Action 2:09-cv-88, the petitioner also sought to challenge that conviction. The latter petition was dismissed on February 19, 2009 and judgment was entered against the petitioner on March 9, 2009. An appeal was taken to the United States Court of Appeals for the Third Circuit and docketed at No. 09-1909 and the appeal was terminated on November 4, 2010 by the denial of a certificate of appealability. Jackson then filed another petition challenging this conviction at 2:10-cv-1358. The latter petition was transferred to the Court of Appeals as a successive petition and leave to proceed was denied on January 12, 2011.

1

On December 16, 2011, Jackson filed another habeas petition challenging that conviction. The latter was transferred to the Court of Appeals as a successive petition and on March 27, 2012 dismissed for failure to prosecute. In a petition filed on July 10, 2012 at 2:12-cv-949 Jackson once again sought to challenge these convictions. That petition was transferred to the Court of Appeals for consideration as a successive petition and on August 31, 2012 leave to file a successive petition was again denied.

Jackson now returns to this Court with another challenge to his conviction.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for a determination of whether or not Jackson can proceed here.

An appropriate Order will be entered.

ORDER

AND NOW, this 18th day of October, 2013, for the reason in the foregoing Memorandum, the petition of Hubert Jackson is transferred forthwith to the United States Court of Appeals for the Third Circuit for consideration as a successive petition pursuant to 28 U.S.C. Section 2244.

                                                s/ Robert C. Mitchell
                                                United States Magistrate Judge

.